IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON O. MURPHY, SR., <br><br> Plaintiff, <br><br> v. <br><br> SUPERIOR COURT OF ALAMEDA COUNTY, et al., <br><br> Defendants. _____/ | No. C 14-2583 EDL <br><br> **REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS** |

Plaintiff Shannon O. Murphy, Sr., filed his complaint and Application to Proceed In Forma Pauperis on June 4, 2014. Plaintiff declined magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) on June 24, 2014. For the reasons set forth below, the Court issues this Report and Recommendation recommending that the district court grant Plaintiff's application to proceed in forma pauperis and dismiss Plaintiff's complaint without leave to amend.

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." In reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action or that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). Dismissal on these grounds is often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expenses of answering such complaints. Neitze v. Williams, 490 U.S. 319, 324 (1989).

Plaintiff's Application to Proceed In Forma Pauperis adequately alleges Plaintiff's poverty. Plaintiff states that he is not employed, and he has earned approximately $60.00 total from self-employment in the past year. He states that he has $40.00 in cash and no other assets. Thus,

Plaintiff's Application to Proceed In Forma Pauperis should be granted. However, the Court recommends that the Marshal be ordered not to serve the Complaint.

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss an action that is frivolous or fails to state a claim upon which relief may be granted. In this case, it appears that Plaintiff is complaining of judicial misconduct against one or more Superior Court judges in Alameda County for designating him a vexatious litigant. Plaintiff seeks $400,000 in damages for hardship, inconvenience, and hospital bills. It is unclear from the Complaint how his damages connect to the allegations. It is also unclear how the Court would have jurisdiction over Plaintiff's allegations that he was unfairly designated as a vexatious litigant and that a state-court judge dismissed his case unfairly. Further, Plaintiff's allegations that judges have unfairly designated him a vexatious litigant implicate judicial immunity, which is absolute when a judge is carrying out a judicial act. See Stump v. Sparkman, 438 U.S. 349 (1978).

Because it appears that Plaintiff has no cognizable claims before the Court, the complaint should be dismissed. Because Plaintiff is proceeding pro se, the Court would normally recommend giving him an opportunity to amend the complaint. However, because Plaintiff's claims relate to state court judges acting in their judicial capacity, and the judges are immune from those claims, the Court recommends that Plaintiff's complaint be dismissed with prejudice.

Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: June 30, 2014

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

2